```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS SCHIRMER and MARC SMITH,   :
                                  :
          Plaintiffs,             :   CIVIL ACTION
                                  :
     v.                           :   No. 08-cv-2406
                                  :
PRINCIPAL LIFE INSURANCE CO.,     :
et al.,                           :
                                  :
          Defendants.             :
```

## MEMORANDUM AND ORDER

**Joyner, J.**                                          **October 29, 2008**

Presently before the Court is Defendants' Motion to Dismiss Counts I, II, III, VI, VIII, IX, and X of Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6), Plaintiffs' Response thereto, and Defendants' Reply. For the reasons set forth below, the Defendants' Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

Plaintiffs Marc Smith ("Smith") and Thomas Schirmer ("Schirmer") are in the business of selling financial services and products to businesses and individuals as well as managing,

directing, and overseeing the same.[1]  Defendants are three related companies--Principal Life Insurance Company ("PLIC"), Principal Financial Group ("PFG"), and Princor Financial Services Corporation ("Princor").[2]  From 2002 until earlier this year, Smith and Schirmer worked for Defendants as Co-Managing Directors in the Philadelphia area and as representatives of their dealer/broker – Princor.  Prior to joining Defendants, Plaintiffs had successful careers working for a different nationwide provider of financial services.  This suit arises out of alleged misrepresentations made by Defendants to entice Plaintiffs into working for Defendants and subsequent breaches of various contracts and agreements by Defendants, as well as alleged tortious behavior on the part of the Defendants prior to and during the employment relationship.

In January of 2002, Defendants began engaging in an effort to solicit Plaintiffs away from their positions at Provident Mutual Life Insurance Company ("Provident") and its subsidiary, 1717 Capital Management Company ("1717").  Plaintiffs repeatedly

---

[1]The facts are presented in the light most favorable to the Plaintiffs.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).

[2]Princor is a subsidiary of Principal Services Trust Company, which is a subsidiary of PLIC.  Although not stated in the complaint, Principal Services Trust Company is a member company of PFG.

made it known to Defendants that they would not leave Provident and 1717 if doing so would negatively impact their income and earning potential.  It therefore became a necessary term and condition of employment that Plaintiffs' compensation would equal or exceed their salaries prior to joining Defendants.  Letters outlining Schirmer's expectations for compensation and Defendants' offer of compensation were eventually exchanged and, in reliance on Defendants' offer, Schirmer began his affiliation with the Defendants as a Management Consultant on June 24, 2002.  In reliance on Defendants' commitment to provide the same terms and conditions to Smith, Smith joined PLIC as a Management Consultant in the Fall of 2002.

Smith and Schirmer shortly thereafter became Co-Managers in Philadelphia and in October, 2002, both signed Co-Manager Agreements with PLIC.  Smith and Schirmer also entered into Agent Contracts with PLIC that provided for commissions to be paid to Smith and Schirmer and contracts with Princor to act as Registered Representatives on behalf of Princor.  Under the various agreements, Smith and Schirmer were also entitled to receive benefits under the 401k Plan and Senior Executive Retire Plan ("SERP"), additional payment under Principal Life Insurance Company's Deferred Compensation Plan, stock options, and reimbursement for marketing expenses.

Within the first year of employment, Plaintiffs began battling with Defendants to obtain the compensation to which they were entitled and to have Defendants make good on their obligations and agreements.  Over the years, Plaintiffs and Defendants continually disagreed on what was owed to Plaintiffs and on how certain factors that determined how commissions and remuneration were to be calculated.  These battles culminated with Schirmer retiring from the company on December 31, 2007 and Smith resigning on May 26, 2008.

Immediately preceding Smith's resignation, Plaintiffs filed the instant action alleging, *inter alia*, that Defendants have failed to comply with the terms of the various contracts and with the additional agreements made between the parties.  They assert that despite repeated demands Defendants have failed to pay certain compensation, marketing reimbursements, deferred compensation and stock options.  In addition, Schirmer alleges that Defendants have intentionally manipulated circumstances to reduce the value and amount of his compensation and other remuneration, causing him to suffer substantial losses and damages.  He also alleges that Defendants misrepresented to him the effect of his retirement on his stock options and then unilaterally cashed out his stock options without turning over the proceeds.  Smith additionally alleges that PLIC coerced him

to sign a Restricted Stock Agreement that improperly converted his previously contracted for bonuses into Restricted Stock Units and that this agreement was signed under duress and without consideration.  Smith further alleges that he was forced to resign as a result of circumstances occurring over the weekend of May 23, 2008, when Defendants restricted access to offices and files and locked Smith and his team out of the office, making him unable to conduct his business.

Plaintiffs complaint includes ten separate counts, some of which are pled in the alternative.  Defendants have moved to dismiss seven of the ten counts.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), in response to a pleading, a Defendant may file a motion asserting that the Plaintiff's complaint "[fails] to state a claim upon which relief can be granted."  In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations omitted).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief

5

above the speculative level . . . .'"  Id. at 232 (quoting Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1965 (2007)).  In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action.  Id. at 234.  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombley, 127 S. Ct. at 1964-65.  In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint."  In re Rockefeller Sec. Lit., 184 F.3d 280, 287 (3d Cir. 1999).

### III. DISCUSSION

#### A.  Count I - ERISA Violations

"Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan."  Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002)(quoting Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990)).  Thus, an ERISA claim "is subject to dismissal if it does not plead or otherwise deal with the issue of exhaustion."  Balmat v. CertainTeed Corp., 2004 WL 2861873, at *3 (E.D. Pa. Dec. 9, 2004) (quoting Campbell v. Prudential Ins. Co. of Am., 2002 WL 462085, at *2 (E.D. Pa. Mar. 25, 2002)).  However, exhausting

administrative remedies is excused if it would be futile to do so.  Harrow, 279 F.3d at 249.  A party claiming this exception must make a "clear and positive showing that further attempts to seek redress under the plan would be futile."  Balmat, 2004 WL 2861873 at *3.

Plaintiffs' Complaint does not plead that they exhausted the claim and appeals procedures set forth by each Plan in question.  The Complaint does state, however, that "Schirmer and Smith fulfilled all of their obligations and conditions under the various plans," and Plaintiffs argue that this statement is sufficient to plead exhaustion.  We disagree.  We reiterate that, under Twombley and its progeny, a "formulaic recitation" of the legal requirements for a cause of action will not survive a motion to dismiss.  127 S. Ct. at 1964-65.  Plaintiffs' bare-bones assertion of "compliance" with unidentified "obligations" is nothing more than a mere recitation of the exhaustion requirement under ERISA, and it therefore cannot survive Defendants' Motion to Dismiss.  However, we will give Plaintiffs leave to amend their Complaint in order to properly plead facts pertaining to their exhaustion of each Plan's claim and appeals processes (or their failure to do so).  See Campbell, 2002 WL 462085, at *2 (allowing ERISA plaintiff to amend complaint to properly plead exhaustion, should it be applicable).

**B.   Count II - Common Law Claims under Deferred Compensation Plan, 401K and SERP**

ERISA preempts "any and all State laws insofar . . . as they relate to any employee benefit plan" to which ERISA applies. See 29 U.S.C.A. § 1144(a)(1998 & Supp. 2008).  "[T]he express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" Pilot Life Ins. Co. V. Dedeaux, 481 U.S. 41, 45 (1987)(quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)).  A plaintiff's state law claims pled in the alternative will nonetheless survive a motion to dismiss where there is doubt whether a plan is subject to ERISA, regardless that they will be preempted if ERISA ultimately does apply. See Coleman v. Standard Life Ins. Co., 288 F.Supp.2d 1116, 1121 (E.D. Cal. 2003)(denying motion to dismiss state claims before determining whether ERISA applied).  Both the ERISA claims and the state claims, however, would not be able to survive the summary judgment stage.  Nicolaysen v. BP Amoco Chemical Co., 2002 WL 1060587, at *5 (E.D. Pa. May 23, 2002).

Plaintiffs have pled common law claims in the alternative in the event that the Deferred Compensation Plan, 401k Plan, or SERP Plan is not subject to enforcement under ERISA.  Defendants move to dismiss these claims as entirely preempted by ERISA.  They

argue that any state law claim related to Plan-managed assets or Plan benefits clearly relates to a benefits plan and that here there is no doubt the Plans are employee benefits plans covered by ERISA.  Plaintiffs respond that they are entitled to plead in the alternative because there has been no legal determination that the Plans are subject to ERISA and dismissing the state law claims at this early stage in the litigation would severely prejudice them if it were later determined that some or all of their claims were not subject to ERISA.  Defendants in reply urge us to determine at this point whether the plans are subject to ERISA.

Dismissing Plaintiffs' state law claims at this early stage of the litigation would be premature.  Allowing the Plaintiffs' to plead state claims in the alternative permits them to maintain a cause of action if the facts ultimately bear out that any of the plans — for whatever unlikely reason — are not subject to ERISA.  See Nicolaysen, 2002 WL 1060587, at *5.  Although, as Defendants point out, Plaintiffs have averred in their complaint that the Plans are governed by ERISA and hence subject to its enforcement provisions, Plaintiffs are permitted by the Federal Rules of Civil Procedure to plead alternative claims regardless of their consistency.  See Fed. R. Civ. P. 8(d).  Whether the Plans are subject to ERISA can be determined during the summary

judgment stage of the proceedings.  Defendants Motion to Dismiss Count II is denied.

### C.  Count III - Request for Accounting

Under Pennsylvania law,

> An equitable accounting is improper where no fiduciary relationship exists between the parties, no fraud or misrepresentation is alleged, the accounts are not mutual or complicated, *or* the plaintiff possesses an adequate remedy at law.

Rock v. Pyle, 720 A.2d 137, 142 (Pa. Super. 1998).  Thus, an equitable accounting is proper where there is no adequate remedy at law and there is also a fiduciary relationship between the parties, alleged fraud or misrepresentation, or mutual and complicated accounts.  Greencort Condominium Ass'n v. Greencort Partners, 2005 WL 2562909, *7 (Pa. Com. Pl. Oct. 4, 2005); Koch v. First Union Corp., 2002 WL 372939, * 12 (Pa. Com. Pl. Jan. 10, 2002); see also Poeta v. Jaffe, 2001 WL 1113012, *4 (Pa. Com. Pl. May 30, 2001) (dismissing equitable accounting claim where accounts were mutual and complicated but there was an adequate remedy at law).  "Equitable jurisdiction for an accounting does not exist merely because the plaintiff desires information that he could obtain through discovery."  Buczek v. First Nat'l Bank of Mifflintown, 531 A.2d 1122, 1124 (Pa. Super. 1987).

ERISA also includes disclosure and reporting provisions. See 29 U.S.C. § 1025(a) (1998 & Supp. 2008).  Under ERISA, the

10

administrator of a defined benefit plan must, *inter alia*, provide a pension benefit statement to a plan participant or beneficiary upon request.  Id. § 1025(a)(1)(B); Barrowclough v. Kidder, Peabody & Co., 752 F.2d 923, 933 (3d Cir. 1985), *overruled in part by* Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1112 (3d Cir. 1993).

Plaintiffs' Complaint does not specify whether an accounting is sought under Pennsylvania law or under ERISA.  Their complaint, however, fails to plead facts sufficient to defeat a motion to dismiss under either.  Although Plaintiffs' aver in their response that the accounts are mutual and complicated, they have failed entirely to plead an inadequate remedy at law.  Plaintiffs have stated only that they are "entitled to an accounting from Defendants" and that Defendants are solely in possession of the necessary information Plaintiffs seek.  Moreover, Plaintiffs are demanding money damages for alleged breach of contract and violations under ERISA.  It appears, therefore, that an adequate remedy at law exists and that the information sought can be obtained through ordinary discovery.  See Poeta, 2001 WL 1113012, *4 (finding an adequate remedy at law where the claim was for money damages based on breach of contract).  Thus, there is no need for an equitable accounting.

The Plaintiffs' response also makes reference to the requirement under ERISA to provide an accounting upon request and asserts that Defendant PLIC, as Administrator of the Deferred Compensation and SERP Plans, failed to comply with this law.  A conclusory allegation that a Defendant "failed to comply" with section 1025(a) is nothing more than a mere recitation of the disclosure requirements under ERISA, and, as such, cannot survive Defendants' Motion to Dismiss.  See Twombley, 127 S. Ct. at 1964-65.  Plaintiffs have failed in their pleadings to aver any facts relating to a request for, or subsequent denial of, an accounting under ERISA.  Plaintiffs have merely stated that they are entitled to an accounting and that the Defendants are solely in possession of information necessary to the Plaintiffs.  Defendants' motion to dismiss Count III is, therefore, granted.

    **D.   Count VIII - Unjust Enrichment**

As previously stated, pursuant to Rule 8, Plaintiffs may plead multiple claims in the alternative regardless of consistency.  Fed. R. Civ. P. 8(d).  Federal courts specifically allow plaintiffs to plead a contract claim and an unjust enrichment claim in the alternative, regardless that the plaintiff will ultimately be able to recover under only one theory.  See, e.g., Cornell Co. V. Borough of New Morgan, 512 F.

Supp. 2d 238, 265 (E.D. Pa. 2007); U.S. v. Kensington Hosp., 760 F. Supp. 1120, 1132 (E.D. Pa. 1991).  Plaintiffs here have properly pled an unjust enrichment claim in the alternative. Defendant's motion to dismiss Count VIII is denied.

**E.   Counts VI, IX and X - Rescission of the 2007 and 2008 Restricted Stock Agreements (Smith), Fraud (Smith & Schirmer), and Negligent Misrepresentation (Schirmer)**

When engaging in a conflict-of-law analysis, Federal District Courts apply the conflict-of-law rules of the forum state to determine which state's substantive law applies.  Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 486 (1941); Garcia v. Plaza Oldsmobile, 421 F.3d 216, 219 (3d Cir. 2005).  Pennsylvania's choice-of-law analysis involves a hybrid approach that "'combines the approaches of both Restatement [(Second) of Conflict of Laws] (contacts establishing significant relationships) and 'interest analysis' (qualitative appraisal of the relevant States' policies with respect to the controversy).'" Garcia, 421 F.3d at 219 (quoting Melville v. American Home Assurance Co., 584 F.2d 1306, 1311 (3d Cir. 1978).  Under Pennsylvania's choice-of-law analysis, the Court must first determine whether there is a true conflict between the alleged competing bodies of law.  Hammersmith v. Tig Insurance Co., 480

F.3d 220, 230 (3d Cir. 2007); Garcia, 421 F.3d at 220.  There is a true conflict if, after engaging in an analysis of the policies underlying the laws of the interested states, the governmental interests of each jurisdiction would be impaired by applying the other jurisdiction's law.  Hammersmith, 480 F.3d at 230; Garcia, 421 F.3d at 220.  Where a true conflict exists, the Court must then "'weigh the contacts on a qualitative scale according to their relation to the policies and interests underlying the [particular] issue'" to determine which state has a greater interest in the application of its law.  Hammersmith, 480 F.3d at 231 (quoting Shields v. Consolidated Rail Corp., 810 F.2d 397, 400 (3d Cir. 1987).  "Because choice of law analysis is issue specific, different states' laws may apply to different issues in a single case."  Berg Chilling Systems v. Hull Corp., 435 F.3d 455, 462 (3d Cir. 2006).

Smith has pled in the alternative to his breach of contract claim that the 2007 and 2008 Restricted Stock Agreements should be rescinded for lack of consideration or because the agreement was signed under duress.  The Defendants move to dismiss this claim, arguing that Smith has not pled sufficiently extraordinary facts or the particular circumstances regarding the alleged duress to support rescission of a contract and that Smith's continued employment constituted sufficient consideration for the

Agreements.  Smith and Schirmer have also both pled Fraud claims and Schirmer has in addition pled a Negligent Misrepresentation claim.  Defendants move to dismiss these claims as precluded by the gist of the action doctrine and the economic loss doctrine.

The Plaintiffs and Defendants are in disagreement over which state's law controls in each of these claims.  Defendants argue that Pennsylvania law applies[3] whereas Plaintiffs assert that Iowa law is controlling.  This Court finds that granting Defendants' Motion to Dismiss in regard to these counts at this time would be premature.  Pennsylvania's choice-of-law analysis involves a fact-intensive inquiry that can be more properly addressed at the summary judgment stage of the proceedings once the record has been more fully developed through discovery.  See Kilpatrick v. Sheet Metal Workers Int'l Ass'n Local Union No. 19, 1996 WL 635691, *4 (E.D. Pa. Oct. 30, 1006)(citing Lejeune v. Bliss-Salem, Inc., 85 F.3d 1069 (3d Cir. 1996).  Defendant's Motion to Dismiss Counts VI, IX, and X is, therefore, denied.

---

[3]In regard to Count VI (Rescission), Defendants in their reply brief also allude to the possibility that Delaware law may control.

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS SCHIRMER and MARC SMITH,     :
                                    :
            Plaintiffs,             :   CIVIL ACTION
                                    :
    v.                              :   No. 08-cv-2406
                                    :
PRINCIPAL LIFE INSURANCE CO.,       :
et al.,                             :
                                    :
            Defendants.             :
```

                              ORDER

AND NOW, this    29th    day of October, 2008, upon consideration of Defendants' Motion to Dismiss (Doc. No. 9) and responses thereto (Doc. Nos. 11, 13), it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART.  Count I (ERISA Violations) of Plaintiffs' Complaint is hereby dismissed with leave to amend.  Count III (Request for an Accounting) of Plaintiffs' Complaint is hereby dismissed.  Defendants' motion in regard to the remaining counts is denied.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER, J.